The opinion of the Court was delivered by
Johnson, J.
From the view which the Court have taken of this case, it becomes necessary only to consider the ground *which has been made on the admissibility of the decree of the Ordinary, as evidence under the plaintiff’s replication ; as on that alone, it is thought the object of the motion may be attained.
The rule, that the proof should substantially accord with the allegation, is so manifest, that it is only necessary to make the application of it to the facts in this case.
Crenshaw, for the motion. Downes, contra.
1. The replication states, that the plaintiff, as Ordinary, had “ examined and adjusted the accounts, receipts and expenditures of Benjamin R. Montgomery, administrator,” &e., whereas the decree, offered in evidence, recites, that he had “examined and adjusted the accounts, receipts and expenditures of B. R. Montgomery and wife, administrator and administratrix,” &c.
2. The replication states, that the plaintiff, the Ordinary, had “ decreed and appointed the said B. R. Montgomery, to pay to the brothers and sisters of the said John Dunlap,” the sum therein mentioned ; and the decree directs and appoints that the sum mentioned, should be “ paid over to the brothers and sisters of the said John Dunlap,” necessarily implying that it was to be paid by B. R. Montgomery and wife, who were styled the administrator and administratrix, whose accounts it professed to settle and adjust. There is then, in point of fact, a variance between the decree set forth in the replication, and that adduced in evidence, and it is only necessary further to inquire, whether that variance is material in relation to any of the defendants.
The bond on which this action is brought, professes to be for the faithful administration of B. R. Montgomery alone, and in any view of the subject, Cresswell, the security, is only accountable for that administration. Now the decree shows either, that the administration, then spoken of, was on another estate or a different administration on the same estate, or, what is said to be true in point of fact, that a previous administration had been granted to the wife alone, on *the same estate, before the intermarriage, and that part of the decree, directing interest to be paid on the principal sum from 1807, three years before the date of the bond, shows, that accounts antecedent to the administration of Montgomery, were taken into consideration, for which the defendant, Cresswell, as the security, is clearly not responsible; and it as clearly follows, that the probata is substantially different from the allegata.
I am, therefore, of opinion, that the motion for a nonsuit ought to prevail.
Nott, G-antt and Richardson, JJ., concurred.
4 Rieli. 274, 284.